MARISA A. POCCI, ESQ.
Nevada Bar No. 10720
LILITH V. XARA, ESQ.
Nevada Bar No. 13138
LITCHFIELD CAVO LLP
3993 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169
Telephone: (702) 949-3100
Facsimile: (702) 916-1776
Pocci@LitchfieldCavo.com
Xara@LitchfieldCavo.com
*Attorneys for Defendant GNLV, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DINA HERSON,<br><br>                    Plaintiff,<br><br>v.<br><br>GNLV dba GOLDEN NUGGET HOTEL &<br>CASINO; DOES I through X; and ROE<br>CORPORATIONS I through XX; inclusive,<br><br>                    Defendants. | Case No.: 2:26-cv-00754-BNW<br><br>**STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION** |

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Dina Herson and Defendant GNLV, LLC dba Golden Nugget Hotel & Casino, by and through their respective counsel of record, stipulate and agree that the handling of confidential material in these proceedings shall be governed by the provisions set forth below. The terms of this Protective Order apply to Confidential Information produced by any party, nonparty, or any additional party joined during the course of this case.

The parties agree that certain documents, electronically stored information, tangible things, photographs, video, testimony, or other discovery material disclosed by any party or nonparty may contain confidential, private, proprietary, security-sensitive, commercially sensitive, or nonparty-sensitive information that should not be disseminated outside this case. The purpose of this Protective Order is to permit discovery to proceed efficiently while limiting use and dissemination of properly designated material to this litigation. This Protective Order does not permit any party to withhold discoverable material, does not create any privilege, does not establish that any specific document is confidential, and does not authorize filing any material under seal.

1

## I.    APPLICATION

This Protective Order shall govern the designation and handling of Confidential Information, as defined below, produced in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure. This Protective Order does not affect any party's obligations under the Federal Rules of Civil Procedure to produce documents or information as required by the rules of discovery or by order of the Court. This Protective Order is intended to facilitate discovery while preserving each party's right to challenge any confidentiality designation and preserving the designating party's burden to establish good cause under Fed. R. Civ. P. 26(c).

## II.    DEFINITIONS

A.    **"Confidential Information"** means any document, information, or material that the producing party or protected person reasonably and in good faith believes contains information protected from unrestricted disclosure under Fed. R. Civ. P. 26(c), including restricted personal information; medical, billing, health-insurance, tax, wage, payroll, employment, or personnel information concerning any party or nonparty; surveillance footage, screenshots, or photographs containing security-sensitive camera information or nonparty images or identifying information; internal incident, investigation, security, safety, risk-management, or operational materials only when the specific material satisfies the designation standard in this Protective Order; trade secrets; competitively sensitive financial information; or confidential, proprietary, or competitive business information. A designation of material as "CONFIDENTIAL" does not, by itself, establish that the material is entitled to protection, and any party may challenge the designation as provided in this Protective Order. The designating party or protected person bears the burden of establishing that the material is entitled to confidential treatment.

B.    "**Disclosed**" is used in its broadest sense and includes, inter alia, directly or indirectly shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

C.    **"Discovery Material(s)"** means any documents, electronically stored information, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, photographs, videos, tangible things, and other responses to requests for

information or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any party or nonparty.

D.  "**Document**" is defined as the term is used in Fed. R. Civ. P. 34.

E.  **"Under Seal"** means filing Confidential Information in compliance with Fed. R. Civ. P. 5.2, LR IA 10-5, LR IC 4-1(c), LR IC 6-1, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016), and any other applicable authority. Nothing in this Protective Order, by itself, authorizes the filing of any document under seal.

III.  **DESIGNATION STANDARD AND CATEGORIES OF POTENTIALLY CONFIDENTIAL INFORAMTION**

A.  **Designation Standard**. A producing party may designate material as "CONFIDENTIAL" only if counsel has a good-faith basis to believe that the material qualifies for protection under Fed. R. Civ. P. 26(c) and that unrestricted public dissemination may cause specific prejudice or harm, invade legitimate privacy interests, disclose confidential commercial or security-sensitive information, or disclose nonparty identifying or private information. Confidentiality designations are to be used sparingly and only where supported by Fed. R. Civ. P. 26(c). Mass, indiscriminate, or routinized designations are prohibited. The burden remains entirely on the designating party to establish good cause for any challenged designation. Absent a particularized showing of harm, routine maintenance records, inspection records, cleaning logs, incident reports, witness statements, photographs of the subject condition, and policies governing ordinary premises operations should not be designated confidential solely because they are maintained internally.

B.  **Categories of Potentially Confidential Information.** The following categories may be designated "CONFIDENTIAL" when the specific material meets the standard in Paragraph III(A):

1.  restricted personal identifying information, including Social Security numbers, dates of birth, financial account information, personal tax information, personal addresses, personal telephone numbers, and similar personal identifiers;

2.  private medical, health-insurance, billing, treatment, pharmacy, or health-related information of Plaintiff or any nonparty;

**3.** wage, payroll, employment, personnel, benefits, tax, or financial information of Plaintiff, GNLV employees, or nonparties;

**4.** surveillance video, still images, screenshots, photographs, or related materials depicting the subject incident or subject location, but only where the specific material contains nonparty images or identifying information, nonpublic security-sensitive camera angles or camera coverage, security response, employee response, or other information for which the producing party can articulate a particularized showing of good cause under Fed. R. Civ. P. 26(c);

**5.** internal incident reports, security reports, security logs, risk-management materials, investigation materials, incident-response materials, safety materials, inspection materials, cleaning materials, maintenance materials, training materials, policies, procedures, internal communications, or operational materials concerning the subject incident or subject location, but only where the specific material contains nonpublic security-sensitive information, proprietary commercial information, personal identifying information of nonparties, or other information for which the producing party can articulate a particularized showing of good cause under Fed. R. Civ. P. 26(c). The mere fact that a document relates to inspection, maintenance, cleaning, training, safety, or operations shall not alone justify a confidentiality designation;

**6.** proprietary trade-secret, confidential commercial, competitively sensitive financial, or operational information for which the designating party can articulate a particularized factual basis for protection; and;

**7.** any other material that the parties agree in writing should be treated as confidential or that the Court orders treated as confidential.

**C.    Material Not Covered.** This Protective Order does not apply to information independently obtained outside discovery, information lawfully obtained from a source not bound by confidentiality, information that is publicly available, information that becomes public through no violation of this Protective Order, or information used at trial unless separately addressed by the

4

Court. Nothing in this Protective Order restricts a producing party's use of its own documents or information. Routine correspondence, letters of representation, lien correspondence, transmittal emails, fax confirmations, and similar materials shall not be designated confidential merely because they are nonpublic unless the specific material contains protected personal information, private medical or financial information, claim-sensitive information, privileged or work-product material, or other information that independently satisfies Fed. R. Civ. P. 26(c)

## IV.    DESIGNATION OF DISCOVERY MATERIALS AS CONFIDENTIAL

A.    **Marking Protected Documents.** Documents shall be designated as containing Confidential Information by affixing "CONFIDENTIAL" to each page containing protected material in a prominent and easily seen location or by informing the parties of the Bates numbers of the documents so designated. If only part of a page qualifies for protection, the producing party should, where practical, designate only the protected portion. The assertion of the designation "CONFIDENTIAL" shall constitute a representation to the Court that counsel for the producing party or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Protective Order.

B.    **Non-Documentary Materials**.  Materials. For video, photographs, electronically stored information, or other non-page material, the producing party may designate the material by marking the file name, cover email, production letter, storage medium, or other reasonable identifying label "CONFIDENTIAL."

C.    **Designating Testimony**. Any party may designate testimony as Confidential Information by making a statement to that effect on the record at the deposition or other proceeding or within fourteen (14) days after receipt of the transcript of deposition or other proceeding by counsel. When Confidential Information is designated on the record at a deposition or other proceeding, the party claiming the testimony is Confidential Information shall make arrangements with the court reporter taking and transcribing such proceeding to label each page containing the testimony with the designation "CONFIDENTIAL," and all counsel and parties shall treat pages of testimony so designated as a protected document and the testimony itself as Confidential Information. Until the fourteen-day designation period expires, the transcript and exhibits may be treated as confidential if

confidential material was discussed or used. If no designation is made on the record at the deposition or within fourteen (14) days after receipt of the deposition transcript, the transcript will be deemed not confidential except for exhibits independently designated "CONFIDENTIAL." Any party seeking to designate testimony as Confidential Information at a court proceeding must make the appropriate request to the Court.

**D.    Subsequent Designation**. If a producing party inadvertently fails to stamp or otherwise appropriately designate certain documents, material, or information as "CONFIDENTIAL" upon production or disclosure, that inadvertent failure does not waive the right to designate the material if corrected promptly after discovery of the omission. The notification shall include an identification of the documents or information by Bates stamp number or some other specific form of identification. Upon receiving a corrected designation, the receiving party shall make reasonable efforts to treat the material according to the corrected designation unless and until the designation is withdrawn by agreement, waived by failure to move under the challenge procedure, or resolved by Court order.

## V.    PERMISSIBLE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

**A.    Limited Use**. Persons obtaining access to Discovery Materials or other documents, information, or materials designated "CONFIDENTIAL" pursuant to this Protective Order shall use the information only for the purpose of prosecuting, defending, evaluating, mediating, settling, or otherwise litigating this action, through and including any appeal, and shall not use or disclose in any format or medium such information for any other purpose, including business, competitive, personal, public-relations, media, online, social-media, advertising, governmental, commercial, administrative, or collateral purpose, unless required by court order or compelled by law.

**B.    Disclosure of Protected Material**. Except with the prior written consent of the designating party, by Court order, or as otherwise compelled by law, access to documents or materials designated "CONFIDENTIAL" shall be limited to the following individuals when reasonably necessary for this litigation:

>    1.    Counsel for the respective parties to this Protective Order, including in-house counsel and counsel's support staff, including paralegals, administrative assistants, legal assistants, clerks, litigation-support staff, and outside service organizations

providing copy services, translation services, document preparation, trial graphics, tutorials, or similar litigation support, but only to the extent disclosure is necessary for them to assist attorneys in connection with this matter;

**2.** Court reporters taking testimony and their support personnel, including videographers, interpreters, and translators;

**3.** The parties to this Protective Order, including officers, directors, agents, employees, insurers, claims representatives, risk-management personnel, and client representatives of a corporate party, to the extent counsel for such party deems it necessary for the prosecution, defense, evaluation, mediation, or settlement of this proceeding;

**4.** The Court and authorized Court personnel. To the extent any Confidential Information is disclosed to Court personnel or filed with the Court, the party seeking to disclose or file the information must comply with Section VI below;

**5.** Witnesses, potential witnesses, deponents, or trial witnesses to whom disclosure is reasonably necessary for this litigation, subject to Paragraph V(C) below;

**6.** Independent consultants, retained experts, consulting experts, investigators, demonstrative-evidence consultants, jury consultants, and professional vendors retained by counsel or a party for assistance with respect to this litigation, together with each such person's clerical and support staff, provided they are advised of this Protective Order and sign the acknowledgment attached as Exhibit A before receiving or retaining Confidential Information;

**7.** Persons who are identified as authors or addressees on the face of a document containing Confidential Information, or who have been shown by testimony or documentary evidence to have been recipients or readers of the Confidential Information before the commencement of the underlying lawsuit;

**8.** Any arbitrator, mediator, discovery referee, or settlement officer in this litigation, and employees and similar personnel of said arbitrator, mediator, discovery referee, or settlement officer;

7

**9.** Any other individuals agreed to in writing by the designating party; and

**10.** Others as may be ordered by the Court.

**C.** **Witnesses and Acknowledgments.** This Protective Order does not require every witness to sign Exhibit A before being shown Confidential Information during deposition preparation, witness preparation, deposition, mediation, hearing, or trial, so long as counsel reasonably needs to show the material for this litigation, advises the witness that the material is confidential and may not be copied, retained, used, or disclosed outside this litigation, and does not permit the witness to keep copies unless the witness signs Exhibit A. Retained experts, consultants, investigators, jury consultants, professional vendors, and nonparty recipients who will retain or receive copies of Confidential Information must sign Exhibit A before receiving or retaining Confidential Information.

**D.** **Subpoenas or Other Proceedings**. If any person receiving information covered by this Protective Order is subpoenaed in another action or proceeding, served with a request or demand in another action to which the person is a party, or served with any other legal process by one not a party to this action seeking information designated as "CONFIDENTIAL" pursuant to this Protective Order, the receiving party shall promptly give written notice, within forty-eight (48) hours of receipt of such subpoena, request, demand, or legal process, to the party that produced or designated the material as "CONFIDENTIAL," unless prohibited by law. Such notification must include a copy of the subpoena, request, demand, or legal process. The receiving party also must, within ten (10) calendar days, inform in writing the person who caused the subpoena, request, demand, or court order to issue that some or all of the material covered by it is the subject of this Protective Order and deliver to such person a copy of this Protective Order. The designating party bears the burden and expense of seeking protection in the issuing court. Nothing in this paragraph authorizes a receiving party to disobey a lawful subpoena or court order.

## VI.    FILING PROTECTED MATERIALS

If a party wishes to use information or material designated by another party or nonparty as "CONFIDENTIAL" to support or oppose a motion or otherwise file such information with the Court, the filing party must comply with Fed. R. Civ. P. 5.2, LR IA 10-5, LR IC 4-1(c), LR IC 6-1, and any other applicable authority. The Court has adopted electronic filing procedures, and papers filed with the

Court under seal must be filed using the Court's electronic filing procedures and must be accompanied by a concurrently filed motion for leave to file those documents under seal. See LR IA 10-5(a).

Nothing in this Protective Order, by itself, authorizes the filing of any document under seal. The Court's entry of this Protective Order is intended to facilitate discovery exchanges, but does not establish that any specific document is secret or confidential, does not establish that Rule 26(c) protection is warranted for any specific document, and does not establish that disclosure of any specific document would cause identifiable and significant harm.

All motions to seal must address the standard articulated in *Center for Auto Safety*, 809 F.3d 1092, and explain why that standard has been met. A party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard when the filing is more than tangentially related to the merits of the case. *Id.* at 1096–1101; *Kamakana*, 447 F.3d at 1178–81. Under that standard, the Court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. *Center for Auto Safety*, 809 F.3d at 1096–97; *Kamakana*, 447 F.3d at 1179. The Court must then conscientiously balance the competing interests of the public and the party seeking to keep judicial records secret. *Center for Auto Safety*, 809 F.3d at 1097.

For sealed materials attached to a discovery motion unrelated, or only tangentially related, to the merits of the case, the party seeking to seal may satisfy the "good cause" standard under Fed. R. Civ. P. 26(c). *Center for Auto Safety*, 809 F.3d at 1097–99. To establish good cause, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). The labels "dispositive" and "nondispositive" are not determinative; the focal consideration is whether the motion is more than tangentially related to the merits of the case. *Center for Auto Safety*, 809 F.3d at 1101.

The fact that the Court has entered this Protective Order, or that a party has designated a document as "CONFIDENTIAL" pursuant to this Protective Order, does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If the sole ground for a motion to seal is that another party or nonparty designated a document as "CONFIDENTIAL," the designating party or nonparty must file, within seven (7) days after the motion

to seal is filed, either: (1) a declaration establishing sufficient justification for sealing each document at issue; or (2) a notice withdrawing the designation and consenting to unsealing. If neither filing is made, the Court may order the document unsealed without further notice. Nothing in this Protective Order extends any filing deadline or permits a party to delay a filing, discovery response, or production obligation.

## VII.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

**A.    Meet and Confer Requirement.** The parties agree to designate information as "CONFIDENTIAL" on a good-faith basis and not for purposes of harassing the receiving party or restricting the receiving party's access to information concerning the lawsuit. Any party may challenge a confidentiality designation at any time. The challenging party shall provide written notice identifying the challenged material by Bates number, file name, transcript page, or other reasonably specific description, and shall briefly state the basis for the challenge. The parties shall meet and confer in good faith in an attempt to reach an agreement regarding the confidential status of the document, tangible item, testimony, or information within seven (7) business days after the designating party receives the objection, unless the parties agree to a different time. During the meet and confer, the designating party shall provide a simple description of why each challenged document or item is confidential, without waiving privilege or work product. If the parties agree that material should remain confidential, that agreement shall be memorialized in writing.

**B.    Motion to Maintain Designation**. If the parties cannot agree, the designating party shall file a motion to maintain the challenged designation within fourteen (14) days after the parties complete the meet and confer, unless the parties agree to a different deadline. If the designating party does not timely move to maintain the designation, the designation is withdrawn for the challenged material. The burden of persuasion remains on the designating party to establish that the information or document is entitled to protection under Fed. R. Civ. P. 26(c).

**C.    Status Pending Resolution of Dispute**. Notwithstanding any challenge to the designation of material as containing Confidential Information, the material shall be treated as Confidential and shall be subject to the provisions of this Protective Order unless and until one of the following occurs: (i) the designating party withdraws the designation in writing; (ii) the designation

is withdrawn by operation of Paragraph VII(B) because the designating party does not timely move to maintain the designation; or (iii) the Court issues an order ruling that the material is not entitled to confidential treatment.

## VIII.    NO WAIVER; NO ADMISSION

Designation or non-designation of material as Confidential Information does not waive any claim, defense, objection, privilege, work-product protection, or argument concerning discoverability, admissibility, relevance, authenticity, foundation, or evidentiary use. No party concedes that any material is confidential merely by agreeing to this Protective Order. This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any Confidential Information or for an order permitting disclosure of any Confidential Information beyond the terms of this Protective Order.

## IX.    FINAL DISPOSITION

Within sixty (60) days after final disposition of this action, including appeals, a receiving party shall either return or destroy Confidential Information upon written request from the designating party. Counsel may retain archival copies of pleadings, correspondence, work product, expert materials, deposition transcripts, deposition exhibits, court filings, and materials maintained in the ordinary course of counsel's file-retention obligations, provided such materials remain subject to this Protective Order.

## X.    MISCELLANEOUS

Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. This Protective Order shall not be modified absent an order of the Court pursuant to a written stipulation by all parties or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

///

///

///

///

///

11

The Court retains jurisdiction to enforce this Protective Order during and after the termination of this action.

DATED:   June 8, 2026.

**LITCHFIELD CAVO LLP**

*/s/ Lilith V. Xara*
   MARISA A. POCCI, ESQ.
   Nevada Bar No. 10720
   LILITH V. XARA, ESQ.
   Nevada Bar No. 13138
   3993 Howard Hughes Parkway, Suite 100
   Las Vegas, Nevada 89169
   T: (702) 949-3100/F: (702) 916-1776
   Pocci@LitchfieldCavo.com
   Xara@LitchfieldCavo.com
   *Attorneys for Defendant*
   *GNLV dba Golden Nugget Hotel & Casino*

**BENSON & BINGHAM**

/s/ *Jordan E. Kingsley*
JORDAN E. KINGSLEY, ESQ.
Nevada Bar No. 15256
11441 Allerton Park Drive, Suite 100
Las Vegas, Nevada 89135
Telephone: (702) 600-6000
Facsimile: (702) 382-9798
litigate@bensonbingham.com
*Attorney for Plaintiff*
*Dina Herson*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  June 9, 2026_____

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT
TO MAINTAIN CONFIDENTIALITY**

I, _____, have read the Stipulated Protective Order entered in Dina Herson v. GNLV dba Golden Nugget Hotel & Casino, Case No. 2:26-cv-00754-BNW, U.S. District Court, District of Nevada. I agree to be bound by its terms. I understand that confidential material may be used only for this litigation and may not be disclosed, copied, retained, posted, published, or used for any purpose outside this litigation except as permitted by the Stipulated Protective Order. I submit to the jurisdiction of the United States District Court for the District of Nevada for enforcement of the Stipulated Protective Order.

Print Name _____          Signature_____

Date: _____

13